1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ALFONSO A. SAAVEDRA,                    No.  2:17-cv-0661 GGH

12              Petitioner,

13       v.                                  ORDER and FINDINGS AND
                                             RECOMMENDATIONS
14   RONALD RACKLEY,

15              Respondent.

16

17          Petitioner filed a Petition for a Writ of Habeas Corpus in the Northern District of

18   California on February 23, 2017, ECF No. 1, together with a Motion for Leave to Proceed in

19   Forma Pauperis.  ECF No. 2.  The Northern District of California transferred the Petition to this

20   District on March 29, 2017 based on petitioner's place of incarceration in this District.  ECF No.

21   6.

22          Examination of the in forma pauperis application submitted by petitioner, ECF No. No. 2,

23   reveals that petitioner is unable to afford the costs of suit.  Accordingly, the application to

24   proceed in forma pauperis will be granted.  See 28 U.S.C. § 1915(a).

25                          *INTRODUCTION AND BACKGROUND*

26          Petitioner is serving a sentence of 10 years to life for a conviction for kidnapping, child

27   abduction, cruelty to a child, child stealing and infliction of corporal punishment on a spouse as

28   reported in his Petition.  ECF No. 1 at 3.  He was sentenced on May 5, 1998, id. at 1, and his

                                                1

appeal to the Court of Appeal in 2000 was denied without opinion.  Earlier this year, petitioner

filed a writ of habeas corpus in the Santa Clara County Superior Court challenging the decision of

the Board of Parole Hearings (BPH) to deny him parole on the grounds the decision was not

supported by the evidence, violated the Eighth Amendment, and further asserting that California

Proposition 9 violates the federal Constitutions Ex Post Facto clause.  Id. at 5.  The writ was

summarily denied on February 8, 2016.  California's Sixth District Court of Appeal also

summarily denied a writ brought on the same grounds on March 7, 2016 as did the California

Supreme Court on September 30, 2016.  Id. at 4.  Essentially the same grounds are raised in the

above-captioned Petition, filed on February 23, 2017, see below, but petitioner has also raised a

disproportionality claim.

***DISCUSSION***

Rule 4 of the Rules Governing Section 2254 Cases provides, in pertinent part:

> If it plainly appears from the petition and any attached exhibits that
>
> the petitioner is not entitled to relief in the district court, the judge
>
> must dismiss the petition and direct the clerk to notify the
>
> petitioner.

The Advisory Committee Notes to Rule 8 of those same rules indicate that the court may

deny a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the

respondent's motion to dismiss, or after an answer to the petition has been filed.  See Herbst v.

Cook, 260 F.3d 1039 (9th Cir.2001).  Therefore, the court will reach the merits of the petition and

recommend a summary denial.

Although petitioner casts his present federal petition claims more broadly and vaguely

than those which he exhausted in state court, the undersigned will assume he meant to pursue

those same claims here.  Petitioner's claims may be interpreted and summarized as follows:  (1)

California Proposition 9, the approval of which resulted, *inter alia*, in a reduction in the number

of parole hearings to which prisoners are entitled, violates the *ex post facto* prohibition of the

federal Constitution; (2) the action of the Parole Board in failing to set a release date for him was

not supported by the evidence presented; (3) the Board's failure to establish a parole date for him

2

1  inflicts the cruel and unusual punishment prohibited by the Eighth Amendment to the

2  Constitution; and, the sentence he received after conviction was disproportionate and failed to

3  provide for good time credits.  ECR No. 1 at 6, 8.  He cites United States Supreme Court cases in

4  support of his claims but they do not address the situation in which he finds himself.  Furman v.

5  Georgia, 408 U.S. 238 (1972) addresses the issue of discriminatory imposition of the death

6  penalty; Robinson  v. California, 370 U.S. 660 (1962) addresses the unconstitutionality of state

7  criminal law which permits guilt to be determined based on defendant's status (drug addict), and

8  Graham v. Florida, 580 U.S. 48 (2010) deals with imposition of life sentences on juvenile

9  offenders who have not committed homicide.  None of these cases addresses the circumstances in

10  which petitioner finds himself.  He further cites to California Supreme and Appellate Court

11  opinions which do not rest on federal law.

12      First of all, the deferred scheduling of parole eligibility hearings have been found not to

13  violate the *ex post facto* protections of the Constitution.  Gilman v. Brown, 814 F.3d 1007, 1016-

14  1017 (9th Cir. 2016); Gilman v. Schwarzenegger, 638F.3d 1101 (9th Cir. 2011).

15      Secondly, on January 24, 2011, the On January 24, 2011, the United States Supreme Court

16  in a per curiam decision found that the Ninth Circuit erred in commanding a federal review of the

17  state's application of state law in applying the "some evidence" standard in the parole eligibility

18  habeas context.  Swarthout v. Cooke, 562 U.S. 216, 219 (2011), *quoting*, inter alia, Estelle v.

19  McGuire, 502 U.S. 62, 67 (1991), the Supreme Court re-affirmed that "'federal habeas corpus

20  relief does not lie for errors of state law.'"  Id.  While the high court found that the Ninth Circuit's

21  holding that California law does create a liberty interest in parole was "a reasonable application of

22  our cases" (while explicitly not reviewing that holding), the Supreme Court stated:

23  "When, however, a State creates a liberty interest, the Due Process Clause requires fair

24  procedures for its vindication-and federal courts will review the application of those

25  constitutionally required procedures.  In the context of parole, we have held that the procedures

26  required are minimal."  Id. at 220, *citing* Greenholtz v. Inmates of Neb. Penal and Correctional

27  Complex, 442 U.S. 1, 12 (1979).  In Greenholtz the Supreme Court had found under another

28  state's similar parole statute that a prisoner had "received adequate process" when "allowed an

3

1  opportunity to be heard" and "provided a statement of the reasons why parole was denied." Id.

2  Noting their holding therein that "[t]he Constitution [ ] does not require more,´442 U.S. at 15-16.

3  Applying this standard in Swarthout the justices in the instances before them the prisoners had

4  "received at least this amount of process: They were allowed to speak at their parole hearings and

5  to contest the evidence against them, were afforded access to their records in advance, and were

6  notified as to the reasons why parole was denied." 562 U.S. at 220.

7       The Supreme Court was emphatic in asserting "[t]hat should have been the beginning and

8  the end of the federal habeas courts' inquiry...." Id. at 221. "It will not do to pronounce

9  California's 'some evidence' rule to be 'a component' of the liberty interest...". Id, at 222. "No

10  opinion of ours supports converting California's "some evidence" rule into a substantive federal

11  requirement." Id., at 221. Thusly, the Supreme Court re-affirmed that "'federal habeas corpus

12  relief does not lie for errors of state law.'" Id. at 219.

13       The Ninth Circuit has subsequently noted that in light of Swarthout v. Cooke, certain

14  Ninth Circuit jurisprudence had been reversed and "there is no substantive due process right

15  created by California's parole scheme." Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir.2011).

16  Thus, there is no federal due process requirement for a "some evidence" review and federal courts

17  are precluded from review of the state court's application of its "some evidence" standard.,

18  certain Ninth Circuit jurisprudence had been reversed and "there is no substantive due process

19  right created by California's parole scheme." Id. at, 1046. Thus, there is no federal due process

20  requirement for a "some evidence" review and federal courts are precluded from review of the

21  state court's application of its "some evidence" standard.[1]

22       With respect to the Eighth Amendment claim, petitioner's sentence was *life* imprisonment

23  with the possibility of parole. The BPH does not set this sentence. The concededly valid life

24

---

25  [1] Petitioner does not demonstrate how his denial of parole could constitute a violation of Equal
Protection. Not only does the above *Cook* case cover such allegations, but in any event, petitioner

26  is not a member of a suspect class. All that is necessary is that the legislation concerning parole
eligibility review have a rational connection to a valid public goal. Ensuring that persons

27  convicted of serious crimes not be released until such release can be safely done, is, of course,
such a rational purpose. Moreover, petitioner has not shown the circumstances of his crime and

28  his prison record to be similarly situated to other prisoners seeking parole eligibility.

4

1  sentence does not become unconstitutional simply because parole is not granted.  Magee v.

2  Arnold, 2016 WL 232343 *4 (E.D. Cal. 2016); Royston v. Grounds, 2012 WL 5504191 *2 (N.D.

3  Cal. 2012).

4  Finally, to the extent that petitioner attacks his underlying sentence in this parole

5  eligibility hearing context, the attack is long past due, and unavailable in any event in this habeas

6  challenge to the most recent parole eligibility hearing.  Reed v. Kernan, 2008 WL 906098 (E.D.

7  Cal. 2008); Rules Governing section 2254 proceedings, Rule 2 (e) (only one conviction may be

8  challenged in a habeas corpus proceeding).

9  *CONCLUSION*

10  In light of the foregoing it is clear that petitioner's Amended Complaint does not raise a

11  basis for the grant of a writ of habeas corpus.

12  **IT IS THEREFORE ORDERED** that**:**

13  1.  Petitioner's Motion for In Forma Pauperis status is GRANTED.

14  2.  The Clerk shall assign a district judge to this case.

15  **IT IS THEREFORE RECOMMENDED** that:

16  1.  The Petition be DENIED.

17  2.  This case be closed.

18  3.  No Certificate of Appealability should issue.

19  These findings and recommendations are submitted to the United States District Judge

20  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days

21  after being served with these findings and recommendations, any party may file written

22  objections with the court and serve a copy on all parties.  Such a document should be captioned

23  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

24  shall be served and filed within ten days after service of the objections.  The parties are advised

25  /////

26  /////

27  /////

28  /////

1     that failure to file objections within the specified time may waive the right to appeal the District

2     Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3           **IT IS SO ORDERED.**

4     Dated: April 24, 2017

5

<u>/s/ Gregory G. Hollows</u>
UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28